UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL MCNEIL,

    Plaintiff,

v.

WILLIAM GITTERE, *et al.*,

    Defendants.

Case No. 3:20-CV-00510-ART-CLB

**ORDER DENYING MOTIONS FOR SUBPOENA**

[ECF Nos. 26, 27]

    Plaintiff Michael McNeil ("McNeil") has filed two motions for subpoena. (ECF Nos. 26, 27.) By these motions, McNeil seeks to obtain documents related to this case, specifically papers regarding the investigation of OIC #471711. (*Id.*)

    McNeil filed the initial motion for subpoena on April 20, 2022, (ECF No. 26), and on May 10, 2022, he filed a motion for an order on his motion for subpoena. (ECF No. 27.) Pursuant to General Order 2021-05 Section 3(f), "[n]o party may file a motion if he or she has another motion on the same subject matter already pending before the Court. Motions submitted in violation of this General Order may be struck or may be summarily denied." Therefore, McNeil's motion for an order on the motion for subpoena, (ECF No. 27), is hereby **STRICKEN**.

    The Court will now turn to the underlying motion for subpoena. (ECF No. 26.) McNeil's motion requests documents from William Gittere, who is a named Defendant in this action. The proper mechanism for a party seeking documents from any other party to a lawsuit is through a request for production of documents pursuant to Fed. R. Civ. P. 34. Subpoenas are utilized to compel a third-party to produce documents.

    However, pursuant to Fed. R. Civ. P. 26 and this Court's scheduling order, mandatory initial disclosures were required and were due by no later than December 31, 2021. (ECF No. 22 at 2-3.) However, the items and discovery that McNeil states he intends to request from Defendant Gittere appear to be items that should have been

provided to McNeil in the mandatory initial disclosures.

Pursuant to the Court's order, the mandatory disclosures required are defined as follows:

> All parties are required to produce information, items, and documents in their possession or control relevant to their own and other parties' claims and defenses, using the concept of relevance set forth in Rule 26(b)(1). Mandatory Disclosures must include all relevant information that, to the party's or the party's employer's knowledge, pertains to any party's claims or defenses in this case, including the names of individuals likely to have discoverable information, along with the subject of the information. The parties must also produce all information, items, documents, photographs, and video or audio *recordings in their or their employer's possession or control that are relevant to the issues in this case*. Disclosures may be made in a redacted form, if necessary, for security or privilege purposes.

(ECF No. 22 at 2.) (emphasis added.) In his motion, McNeil states that most Defendants in this case do not "possess" the documents associated with this case. (ECF No. 26 at 1.) It is unclear if Defendants failed to provide initial disclosures or if this means that Defendants have refused to provide initial disclosures asserting that they did not possess or control the documents. Worse still, Defendants failed to respond to McNeil's motion for subpoena, the Court is unclear whether McNeil ever received initial disclosures.[1]

Therefore, Defendants shall file a response to this Order on or before **May 25, 2022,** which delineates each document or other items that were provided to McNeil, or made available for his review, in their initial disclosures and the date on which the items were provided.

To the extent items have not been provided to McNeil, Defendants are reminded that "[d]efendants in prison civil rights cases often hold a disproportionate share of the relevant information and prisoners have limited means and access to discovery." (*Id.* at 2.) To the extent Defendants may be refusing to produce documents not in their possession, the Court reminds Defendants that a party responding to discovery is required to conduct a search for relevant information. *F.D.I.C. v. Halpern,* 271 F.R.D. 191,193 (D. Nev. 2010). Such review requires the responding party to review documents

---

[1] Defendants are reminded that a response to a motion is required.

or items within the party's possession, custody, and control. *Id.* at 194. "Control is defined as the legal right to obtain documents upon demand." *U.S. v. Int'll Union of Petroleum and Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989); *In re Citric Acid Litigation*, 191 F.3d 1090, 1107 (9th Cir. 1999); *see also Mitchell v. Adams*, 2009 WL 674348, at *9 (E.D. Cal. Mar. 6, 2009) (warden of prison deemed to be in constructive control over documents related to prisoner civil rights case). Therefore, a failure to provide initial disclosures may result in discovery sanctions. Accordingly, if requested documents are in Defendants' possession, custody, or control, they should be turned over to McNeil.

**DATED**: May 11, 2022        .

_____
**UNITED STATES MAGISTRATE JUDGE**